[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Frank Errato and Theresa Conroy Errato, are individuals who reside in the Town of Middletown, Connecticut. The defendants were duly served, the pleadings were closed and the case was reached for trial before this court.
Based upon the relevant, admissible and credible evidence, and all reasonable inferences therefrom, presented to this court during the course of the trial, the following constitute the findings of fact and conclusions of law.
On or about January 28, 1996, the plaintiffs and the defendants, whom the evidence establishes to be Ronald MacDaniel and Edele MacDaniel, doing business as The Castle Inn at Cornfield Point, entered into a contract whereby the defendants would provide a wedding reception for the plaintiffs to be held at the Castle Inn at Cornfield Point, to take place on or about October 19, 1996. The parties entered into a contract in connection with this undertaking and said contract dated January 28, 1996 was signed by the plaintiffs and the defendant, Edele MacDaniel. CT Page 4843
The plaintiffs inquired of the defendants as to whether or not there was auxiliary power available in the form of a standby generator since this wedding reception was to be held during the fall hurricane season, and they wanted protection against a power outage that often occurs during storm periods in this time of the year. It was represented to them by the defendants that they had reserved or standby power available through a generator on the premises, to pickup in the event the normal power source failed.
The plaintiffs paid to the defendants the sum of $9658.00, represented by a $1,000.00 deposit and the balance paid after the contract was made specific as to the number of people who were to attend the reception. Thus the court concludes that the plaintiffs filly performed their obligations under the contract.
The wedding took place and the reception ensued on October 19, 1996, and at a time in which the meals were being served a power outage occurred as a result of a storm at the premises and all lights went out and all power ceased. It was then determined by the plaintiffs that indeed defendants had no back-up or auxiliary source of power available and candles and flashlights were provided and the wedding reception substantially came to a halt. There was no dancing, the conclusion of the meal was interrupted and the balance of the wedding reception was aborted by virtue of the lack of power and light at the premises.
The court finds that there was a failure of performance on the part of the defendants and that it was substantial in nature, in that, at the very least by virtue of the dealings of the parties the provisions of a standby power system became a constructive concurrent condition of the contract and the defendants have failed to satisfy said condition. Further the defendants have failed to provide substantial performance of their undertakings under the contract and the court concludes that the plaintiffs have provided sufficient evidence to sustain their burden of establishing by a fair preponderance of the evidence that they are entitled to recover as against the defendants a reasonable sum of money paid under the contract for the failure of the defendants to perform.
The plaintiffs have requested of the court reimbursement in the sum of $3,000.00, and the court finds that to be most reasonable under all the circumstances.
Judgment is entered in favor of the plaintiffs as against the CT Page 4844 defendants in the sum of $3,000.00, plus cost as shall be taxed by the clerk.
It is so ordered.
HIGGINS, JUDGE.